CALVIN H. HALE, *et al.*, *vs.* DUNCAN B. FINCH.

While the power of a District court, during term, to direct the entry of a judgment, *nunc pro tunc*, is undoubted, an omission from the records in term-time cannot be supplied by the order of the judge in vacation, unless provision has been made for such action by statute, and it must appear on the face of the records of his doings, that he acts within the statute.

Such authority does not appear for entering the judgment, *nunc pro tunc*, by the judge in vacation in this case, to have relation as of terms.

The court intimate the opinion that the term "month," occurring in the statutes when the contrary is not therein indicated means a lunar month as at common law.

517

Error to the Second Judicial District holding terms at Olympia.

*Wm. Strong* for plaintiffs in error.

*Allen Bros.* for defendant in error.

Opinion by GREENE, Associate Justice.

Motion to dismiss.

We entertain no doubt of the power of a District court, during term to direct the entry of a judgment *nunc pro tunc*. but no omission from the record of the term can be supplied by an order of the judge, made in vacation, except by a proceeding, under the statutes, granting powers to judges at chambers.

When a judge, in vacation, undertakes to supply an omission, it must appear on the face of the record of his doings that he acts within the statutes.

From the transcript before us, it does not appear that the order in vacation directing a judgment to be entered *nunc pro tunc*, was made within the statutes.

No judgment, therefore, then directed to be entered, can be regarded as relating back to the preceding 22nd day of April.

The question of computation by lunar or calendar months, in order to determine whether the writ has been taken in time, thus becomes of no importance in this case.

But, as affecting practice, we intimate, as our opinion, that the word "month" in our statutes, where the contrary is not indicated, means a lunar month.

If the people do not desire it to be so construed, accordant to the common law, we believe they will, through their legislature, provide a different rule.